**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ABRY L. WHITE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-11086** |
| **COMMAND INSPECTOR OVER THE**<br>**LOUISIANA STATE POLICE CRIMINAL**<br>**INVESTIGATION DIVISION (LAYNE BARNUM)** | **SECTION: "G"(1)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Abry L. White, a state prisoner, filed the instant federal civil action against Layne Barnum pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff states his claim against Barnum as follows: "He will not send me one of his detectives to take my statement to make a report against Capt. Wells at Elayn Hunts [sic] CC for torturing me June 22, 2014 while I was on a court trip from David Wade. He hurt me very bad."

**I.  Screening Standards**

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)      is frivolous or malicious;
> (ii)     fails to state a claim on which relief may be granted; or
> (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## II.  Plaintiff's Claim

Plaintiff filed this action pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.

As noted, plaintiff claims that defendant Barnum, whom he identifies as the "Command Inspector over the Louisiana State Police Criminal Investigation Division," has refused to send a detective to take plaintiff's statement concerning an incident of alleged abuse.  However, even if that is true, and even if plaintiff's claim is not prescribed,[2] his claim simply is not cognizable. Plaintiff is essentially claiming that Barnum will not institute an investigation concerning a purported criminal violation.  However, individuals have no federal constitutional right to have their criminal complaints investigated by law enforcement officials.  See, e.g., Hall v. Peck, Civ. Action No. 16-13527, 2017 WL 745729, at *2 (E.D. La. Jan. 12, 2017), adopted, 2017 WL 788354 (E.D. La. Feb. 23, 2017); Bartholomew v. Ladreyt, No. 14-CV-1468, 2015 WL 365525, at *4

---

[1] The Court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] That seems unlikely, in that this lawsuit, which was filed in 2017, appears to concern an incident which occurred in 2014.  In Louisiana, § 1983 claims are subject to a one-year statute of limitations. Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) ("[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period.  In Louisiana, that period is one year." (citation omitted)); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008); La. Civ. Code Ann. art. 3492.

(E.D. La. Jan. 27, 2015); <u>Royster v. Brown</u>, No. 07-CV-0054, 2007 WL 433089, at *3 (N.D. Fla.

Feb. 5, 2007) (and cases cited therein).  Similarly, there is no constitutional right to have a person

criminally prosecuted.  <u>See</u> <u>Oliver v. Collins</u>, 914 F.2d 56, 60 (5th Cir. 1990); <u>Payne v. Jefferson</u>

<u>Parish Sheriff's Department</u>, Civ. Action No. 14-225, 2014 WL 1154482, at *2 (E.D. La. Feb. 20,

2014) ("The victim of a crime has no constitutionally protected interest in the prosecution or

pursuit of a perpetrator.  A private citizen … has no constitutional right to have criminal charges

investigated or brought against another individual." (citations omitted)), <u>adopted</u>, 2014 WL

1154424 (E.D. La. Mar. 17, 2014).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH**

**PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>,

79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this nineteenth day of December, 2017.


_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**